**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F21 OPCO, LLC, *et al.*,[1] | Case No. 25-10469 (MFW) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
F21 PUERTO RICO, LLC (CASE NO. 25-10470)**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F21 OpCo, LLC (8773); F21 Puerto Rico, LLC (5906); and F21 GiftCo Management, LLC (6412).  The Debtors' address for purposes of service in these Chapter 11 Cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| F21 OPCO, LLC, *et al.*,[1] | Case No. 25-10469 (MFW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

F21 OpCo, LLC and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and the Schedules and Statements are unaudited.

The Debtors' co-Chief Restructuring Officer, Michael Brown, signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Brown has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the complexity of the Debtors' books and records, Mr. Brown has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, nor the completeness of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made a reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F21 OpCo, LLC (8773); F21 Puerto Rico, LLC (5906); and F21 GiftCo Management, LLC (6412). The Debtors' address for purposes of service in these Chapter 11 Cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

## Global Notes and Overview of Methodology

1.    **Description of Cases.**  On March 16, 2025 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**").   The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered.  *See* [D.I. 70].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the close of business on March 14, 2025.

2.    **Global Notes Control.**  These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  The Global Notes supplement all specific notes contained in any Debtor's Schedules or Statements.  Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

3.    **Reservations and Limitations.**  Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under applicable bankruptcy or non-bankruptcy laws (including under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers).  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission.**  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)    **Recharacterization.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

(c)    **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract

counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)     **Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.

(e)     **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results may differ from such estimates.

(f)     **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action.

(g)     **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)     **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only, and such information may not be used for the purposes of determining control of the Debtors; the extent to which any individual exercised management responsibilities, functions, or corporate decision-making authority over the Debtors; or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.      **Methodology.**

(a)      **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**") in the United States, nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)      **Historical Record-keeping**.  Prior to the Petition Date, in the ordinary course of business, the Debtors maintained their books and records on a consolidated basis, pursuant to which Debtor F21 OpCo, LLC ("**OpCo**") made all payments on account of the other Debtors and received all payments from customers. OpCo employs the Debtors' employees and funds their compensation and benefits.

The Debtors believe that it would be unduly burdensome to re-create their historical record-keeping by Debtor and have disclosed cash transactions in the Schedules and Statements consistent with their historical record-keeping practices.  In the ordinary course of business prior to the Petition Date, the Debtors did not book intercompany revenue and expenses among the Debtors and, as a result, those transactions are not listed in the Debtors' Schedules and Statements.  The Debtors have endeavored to otherwise allocate assets and liabilities to the applicable Debtor entity in their Schedules and Statements.

(c)      **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)      **Date of Valuations.**  The Debtors disclosed the value of their fixed assets in Schedule A/B as of the Petition Date, and the values are net book value.

(e)      **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(f)      **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value, and such values are presented without consideration of any liens that may attach (or have attached) to such property or equipment.  The Debtors may lease furniture,

fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(g)    **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(h)    **Undetermined Amounts.**  The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(i)    **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unknown," "undetermined," or "unliquidated."

(j)    **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, and the difference may be material.

(k)    **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to certain orders of the Court; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to an order of the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing notices of satisfaction.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(l)    **Excluded Assets and Liabilities.**  The Debtors have in certain instances excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; certain deferred revenue accounts that are recorded solely for accounting purposes; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.  With respect to leases, assets and liabilities recorded according to ASC 842 Lease Accounting Standard are not included in the Schedules.

(m)    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(n)    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, promotions, refunds, and negotiations and/or disputes between Debtors and their

customers and/or suppliers.   Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.      **Specific Schedules Disclosures.**

(a)      **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System; (II) Authorizing Use of Prepetition Bank Accounts and Certain Payment Methods; (III) Authorizing Continued Performance of Intercompany Transactions in the Ordinary Course of Business; and (IV) Granting Related Relief* [D.I. 6].  The balances of the financial accounts listed on Schedule A/B, Part 1, are listed as of the Petition Date.

Additionally, the Debtors have provided adequate assurance of payment for future utility services to certain counterparties, pursuant to the *Interim Order (I)(A) Prohibiting Utility Companies From Discontinuing, Altering, or Refusing Service, (B) Deeming Utility Companies to Have Adequate Assurance of Future Payment, (C) Establishing Procedures for Resolving Requests for Additional Assurance, and (II) Granting Related Relief* [D.I. 73]; however, such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

As set forth in the retention applications for the Debtors' professionals, the Debtors provided retainers to certain professionals in connection with their respective engagements.  Those retainers are not set forth in Schedule A/B, Part 2.

Security deposits and pre-payments are disclosed in Schedule A/B, Part 2 as of March 16, 2025, where available.  Where values are not available as of March 16, 2025, deposits and prepayments are reported as of March 1, 2025.  Additionally, the Debtors' books and records reflect certain *de minimis* deposits and prepayments, which the Debtors characterize as any deposit or prepayment under $100.00.  Inclusion of each *de minimis* deposit or prepayment would be unduly burdensome and voluminous; accordingly, the *de minimis* deposits and prepayments are listed on an aggregated basis.

(b)      **Schedule A/B, Part 8 – Inventory**

*Finished Goods, Including Goods Held for Resale.*  Inventory values are listed on an aggregated gross book value basis.  The value identified does not account for potential losses, including shrinkage.  The inventory value is reported as of the Petition Date.

(c)      **Schedule A/B, Part 11 – All Other Assets.**

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtors and Rights to Setoff Claims.***  In the ordinary course of their

business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and vendors. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

***Interests in Insurance Policies or Annuities.*** A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders to Continue Prepetition Insurance Policies and Pay All Obligations Arising Thereunder; (II) Maintain Surety Bonds; (III) Continue to Pay Broker Fees; (IV) Authorizing Banks to Honor Related Checks and Transfers; and (V) Granting Related Relief* [D.I. 11] (the "**Insurance Motion**"). The insurance policies identified in the Schedules are held by the applicable Debtor. However, as disclosed in the Insurance Motion, the Debtors are also covered by certain insurance policies held by certain of their affiliates, which are not included in the Schedules.

***Cyber Claims.*** The Debtors were subject to a cyber attack in 2023, whereby the ecommerce platform was disabled for a number of days. There is an undetermined amount of damages associated with the attack, but the Debtors estimate total damages of approximately $60,000,000. Damages were estimated based on the amount of forfeited online sales during the outage of the ecommerce site. To-date, the Debtors have recovered approximately $20,000,000 from Beazley Insurance Co Inc. and AXA XL.

(d)    **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

(e)    **Schedule E/F – Creditors Who Have Unsecured Claims.**

The liabilities identified on Schedule E/F, Part 2, are derived from the Debtors' books and records and are listed as of the Petition Date. The Debtors have made a reasonable attempt to verify their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors have not listed potential claims as a result of demand letters received from potential litigants given the purely speculative nature of such potential claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the date hereof, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligation, to amend Schedules D and E/F if as they receive additional prepetition invoices.

**Rent Claims**. The Debtors have scheduled prepetition rent claims for each of their landlords on an aggregated basis. The scheduled claims include CAM and other amounts owing under the leases. With respect to fixed rent locations, the scheduled claims include prepetition rent owing for the period March 1, 2025 to March 15, 2025. For percent rent locations, the scheduled claims include rent that was due in March 2025 rent based on February 2025 sales. The scheduled claims may also include rent that accrued prior to the aforementioned dates.

**SPARC Payable**. As described in the *Declaration of Stephen Coulombe in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 2] (the "**First Day Declaration**"), the Debtors participated in a cash pooling system that SPARC Group Holdings LLC ("**SPARC**") had developed for the collection of brands it operates. Centered at SPARC Group LLC, the entity housing the Aeropostale brand's operations ("**Aero**"), all cash generated by entities under the SPARC umbrella, including the Debtors, was swept into an account held by Aero (such arrangement, the "**Cash Pooling Arrangement**"), which Aero then used to pay down the Old SPARC ABL Facility (as defined in the First Day Declaration). As the Debtors or other SPARC subsidiaries required cash to fund their respective operations, Aero would draw on the Old SPARC ABL Facility and disburse funds to the applicable SPARC portfolio company (generally on a brand-by-brand basis); an intercompany receivable owing from such entity was recorded and, simultaneously, the applicable SPARC subsidiary would book an intercompany payable owing to Aero. This arrangement continued after the Old SPARC ABL Facility was replaced with the ABL Facility (as defined in the First Day Declaration) in connection with the SPARC Acquisition (as defined in the First Day Declaration). At month end, Aero provides a reconciliation of the SPARC Payable to the Debtors of all amounts that accrued in a given month and the total amount of the SPARC Payable. The Debtors have reported the SPARC Payable as of the February 28, 2025.

**Gift Cards**. The Debtors issued gift cards, gift certificates, and e-certificates (collectively, the "**Gift Cards**") in the ordinary course of their business. The Debtors do not know the identity of the individual Gift Card holders. Thus, it is impossible to list them in the Schedules. Further, listing the Gift Card holders in the Schedules would be cost prohibitive, unduly burdensome, and would cause the Schedules to become unwieldy and voluminous. Instead, the Debtors have listed the maximum liability associated with Gift Cards on an aggregate basis in Schedule E/F. The

Debtors encourage any customer who believes that he or she has a claim to file a proof of claim in the Debtors' cases on account of such claim.

**Medical Claims**.  As set forth more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay and Honor Certain (A) Prepetition Wages, Benefits, and Other Compensation Obligations; (B) Prepetition Employee Business Expenses; (C) Bonus Program Obligations; and (D) Workers' Compensation Obligations; (II)Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief* [D.I. 12] (the "**Wages Motion**"), the Debtors maintain self-insured medical and dental policies.  Pursuant to the final order approving the Wages Motion, the Debtors were authorized to, and have continued to, pay claims arising under their self-insured policies in the ordinary course of business.  Such claims are not listed in Schedule E/F.

**Workers' Compensation Claims**.  The Debtors have listed claims that were asserted under their workers' compensation policy in Schedule E/F.

(f)      **Schedule G – Executory Contracts and Unexpired Leases.**  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date, or that such contract or agreement is valid or enforceable.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain or include renewal options, guarantees of payment, indemnification obligations, options to purchase, rights of first refusal, and other miscellaneous rights and amendments.  Such rights, powers, duties, obligations, and amendments are not set forth separately on Schedule G.  In addition, the Debtors may have entered into other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth on Schedule G.  Moreover, to the extent any agreements are governed by a master services agreement, the Debtors have endeavored to list the master services agreement on Schedule G.

(g)      **Schedule H – Co-Debtors.**  As described in the First Day Declaration, the Debtors are co-obligors with other entities under the SPARC umbrella with respect to the ABL Facility (as defined in the First Day Declaration), the Term Loan Facility (as defined in the First Day Declaration), and the Subordinated Loan Facility (as defined in the First Day Declaration).  Schedule H includes Penney Holdings LLC as the lead administrative borrower under each credit facility as a co-debtor.  However, reference to the applicable agreements and other related relevant documents is necessary for a complete description of all co-obligors.

6.      **Specific Statements Disclosures.**

(a)      **Statements, Part 2, Question 3 – Payments to Certain Creditors.**  Disbursements made on account of multiple invoices may be reflected as a single payment.  All transfers in Part 2, Question 3 of the Schedules are listed as of the check date.  Any values listed in this section are separate and not repeated in Question 4 (payments or other transfers of property made within one year before filing these cases that benefited any insider) or Question 11 (payments related to

bankruptcy within one year of filing). Please refer to those sections for payments related to those parties.

(b) **Statements, Part 2, Question 4 - Payments to Insiders.** Certain of the payments disclosed for OpCo in response to Question 4 were also made on behalf of the other Debtors and are not repeated in response to Question 4 for the other Debtors.

Additionally, as disclosed in the Wages Motion, prior to the Petition Date, the Debtors made payments to certain insiders and non-insiders through the implementation of a retention program in an effort to retain these critical employees for the duration of these Chapter 11 Cases and, in some instances, for the wind down that follows. Participants in the retention program were paid at the outset of its implementation and are required to remain employees of the Debtors until their specified target end date. In the event applicable participants terminate their employment with the Debtors of their own accord, or are terminated for cause, prior to their target end date, they will be required to refund the entirety of their respective payments to the estates. The payments to insiders are included in response to Question 4, and are labeled "Retention Bonus."

(c) **Statements, Part 5, Question 10 – Certain Losses.** The Debtors incur certain immaterial losses in the ordinary course of business. Such amounts are not listed in the Statements.

(d) **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.** The payments related to bankruptcy are reflected on the Schedules of the Debtor that made the payments, but such payments were made on behalf of all of the Debtors.

(e) **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

(f) **Statements, Part 13, Question 27.** Inventories are taken at each of the Debtors' stores on a periodic basis throughout the year.

(g) **Statements, Part 13, Question 30.** Unless otherwise indicated in a Debtor's specific response to Question 30, the Debtors have included a comprehensive response to Question 30 in Question 4.

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1:  Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**

      Copy line 88 from *Schedule A/B* ..................................................................................

$      100,961.92

   1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* ..................................................................................

$      993,227.43

   1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* ..................................................................................

$      1,094,189.35

## Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ......................................

$      1,582,655,832.03

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ..........................................

$      0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ..................................

+ $      0.00

4. **Total liabilities**

   Lines 2 + 3a + 3b ..................................................................................................

$      1,582,655,832.03

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   2.1  None                                                                       $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number

   3.1  See Schedule A/B 3 Attachment  _____  _____     $          60,050.97

4. **Other cash equivalents** *(Identify all)*

   4.1  None                                                                       $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $          60,050.97

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*: 25-10470

## Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 None | $ | |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 Prepaid Insurance AIG Insurance Company | $ | 28,358.56 |
| 8.2 Prepaid Insurance Gobierno de Puerto Rico Departament | $ | 13,958.50 |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| $ | 42,317.06 |

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*: 25-10470

---

| **Part 3:** | Accounts receivable |

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | | Description | face amount | | doubtful or uncollectible accounts | | | | Current value |
|---|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Store | $ | 749.54 | - $ | 0.00 | =..... ➔ | $ | 749.54 |
| 11b. | Over 90 days old: | None | $ | | - $ | | =..... ➔ | $ | |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 749.54

Debtor:  F21 Puerto Rico, LLC
     Name

Case number *(if known)*:  25-10470

---

**Part 4:**   **Investments**

13. **Does the debtor own any investments?**

   ☑ No. Go to Part 5.

   ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

   Name of fund or stock:

   _____  _____  $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

   Name of entity:                  % of ownership:

   _____  _____  _____  $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

   Describe:

   _____  _____  $ _____

17. **Total of Part 4.**

   Add lines 14 through 16. Copy the total to line 83.        $ _____ 0.00

Debtor: F21 Puerto Rico, LLC
Name
Case number *(if known):* 25-10470

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
   - ☐ No. Go to Part 6.
   - ☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 None | | $ | | $ |
| **20. Work in progress** | | | | |
| 20.1 None | | $ | | $ |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 None | | $ | | $ |
| **22. Other inventory or supplies** | | | | |
| 22.1 Net Supplies | | $          446,392.51 | | $          446,392.51 |

23. **Total of Part 5.**
   Add lines 19 through 22. Copy the total to line 84.

   $          446,392.51

24. **Is any of the property listed in Part 5 perishable?**
   - ☐ No
   - ☒ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   - ☐ No
   - ☒ Yes.

   Description Other Inventory or Supplies    Book value $ Undetermined    Valuation method _____    Current value $ Undetermined

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   - ☒ No
   - ☐ Yes

Debtor:  F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*:  25-10470

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
- ☒ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ _____ | _____ | $ _____ |

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.

    $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
    - ☐ No
    - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes.  Description _____  Book value $ _____  Valuation method _____  Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*: 25-10470

---

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1 Furniture & Fixtures | $ 14,226.05 | STL | $ 14,226.05 |
| 40. **Office fixtures** | | | |
| 40.1 See SOAL A/B 39 | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Office Equipment | $ 428,671.46 | STL | $ 428,671.46 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ 442,897.51

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor:  F21 Puerto Rico, LLC                                      Case number *(if known)*:  25-10470

_____
Name

## Part 8:  Machinery, equipment, and vehicles

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1  None | $ | | $ |
| 48.  **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1  None | $ | | $ |
| 49.  **Aircraft and accessories** | | | |
| 49.1  None | $ | | $ |
| 50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1  Other machinery, fixtures and equipment | $          819.84 | STL | $          819.84 |

51.  **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.                                   $          819.84

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*: 25-10470

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1  Leasehold Improvements - various | Leasehold Improvements | $          100,961.92 | STL | $          100,961.92 |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$          100,961.92

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☑ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor:  F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*:  25-10470
_____

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**
   ☒ No. Go to Part 11.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
   Add lines 60 through 65. Copy the total to line 89.

   $ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
   ☐ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☐ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ☐ No
   ☐ Yes

Debtor: F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*: 25-10470

---

**Part 11:**  **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)     Total face amount     doubtful or uncollectible accounts

71.1 None     $ _____ - $ _____ = .....➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None     Tax year _____     $ _____

73. **Interests in insurance policies or annuities**

73.1 None     $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None     $ _____

    Nature of claim _____

    Amount requested   $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None     $ _____

    Nature of claim _____

    Amount requested   $ _____

76. **Trusts, equitable or future interests in property**

76.1 None     $ _____

77. **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

77.1 Intercompany Receivable     $     Undetermined

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.     $     0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

Debtor: F21 Puerto Rico, LLC
_____
Name

Case number (if known): 25-10470

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 60,050.97 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 42,317.06 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 749.54 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 446,392.51 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 442,897.51 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 819.84 | |
| 88. **Real property.** *Copy line 56, Part 9.* ......................➔ | | $ 100,961.92 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column..........................91a. | $ 993,227.43 | + 91b. $ 100,961.92 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................ | | $ 1,094,189.35 |

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1 Creditor's name**<br>Pathlight Capital LP, as Term Loan Agent<br><br>Creditor's Name | **Describe debtor's property that is subject to a lien**<br>Substantially all of the Debtors' assets | $ 320,875,000.00 | $ Undetermined |

**Creditor's mailing address**

Riemer & Braunstein LLP

Notice Name

Attn: Steven E. Fox, Esq.

Street

Times Square Tower, Suite 2506

Seven Times Square

New York          NY          10036

City          State          ZIP Code

Country

**Creditor's email address, if known**

sfox@riemerlaw.com

**Date debt was incurred**          12/7/2020

**Last 4 digits of account number**          _____

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Have you already specified the relative priority?

   ☒ No. Specify each creditor, including this creditor, and its relative priority.
   
   Penney Holdings LLC and certain other Loan Parties; Junior Lien to ABL Credit Agreement
   
   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe the lien**

Security interests granted pursuant to the Prepetition Term Loan Documents, junior to the liens granted to the Prepetition ABL Administrative Agent pursuant to the Prepetition ABL Credit Agreement.

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (*Official Form 206H*).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor:    F21 Puerto Rico, LLC

Name

Case number *(if known)*    25-10470

| Part 1: | Additional Page |
| --- | --- |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| *Column A*<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | *Column B*<br>**Value of collateral that<br>supports this claim** |
| --- | --- |

2.2 **Creditor's name**

Simon Blackjack Consolidated Holdings, LLC,
as Subordinated Loan Agent

Creditor's Name

**Creditor's mailing address**

Choate Hall & Stewart LLP

Notice Name

Attn: Mark D. Silva, Rick Thide, M. Hampton
Foushee, Alexandra Thomas

Street

Two International Place

| Boston | MA | 02110 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

msilva@choate.com; rthide@choate.com;
hfoushee@choate.com; athomas@choate.com

**Date debt was incurred**    12/19/2024

**Last 4 digits of account
number**    _____

**Do multiple creditors have an interest in the
same property?**

☐  No

☑  Yes. Have you already specified the
relative priority?

    ☐  No. Specify each creditor, including this
creditor, and its relative priority.

    _____

    ☑  Yes. The relative priority of creditors is
specified on lines

    _____

**Describe debtor's property that is subject to a lien**

Substantially all of the Debtors' assets     $  176,147,053.95   $   Undetermined

**Describe the lien**

See Note below

**Is the creditor an insider or related party?**

☐  No

☑  Yes

**Is anyone else liable on this claim?**

☐  No

☑  Yes. Fill out *Schedule H: Codebtors* (*Official Form 206H*).

**As of the petition filing date, the claim is:**
Check all that apply.

☐  Contingent

☐  Unliquidated

☐  Disputed

*NOTE: Security interests granted pursuant to the Prepetition Subordinated Loan Documents, junior to the liens granted to the Prepetition ABL Administrative Agent and the Prepetition Term Loan Agent under the Prepetition ABL Loan Documents and the Prepetition Term Loan Documents, respectively.*

Debtor: F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*    25-10470
_____

| | Part 1: | Additional Page |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

2.3 **Creditor's name**

Wells Fargo Bank, N.A., as ABL Agent
_____
Creditor's Name

**Creditor's mailing address**

Otterbourg P.C
_____
Notice Name

Attn: Chad Simon, Daniel Fiorillo, & Antonio J. Aguilera
_____
Street

230 Park Avenue
_____

| New York | NY | 10169 |
| City | State | ZIP Code |

_____
Country

**Creditor's email address, if known**

csimon@otterbourg.com;
dfiorillo@otterbourg.com;
aaguilera@otterbourg.com

**Date debt was incurred**    12/7/2020
_____

**Last 4 digits of account number**    _____

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____

    ☑ Yes. The relative priority of creditors is specified on lines

    _____

**Describe debtor's property that is subject to a lien**

Substantially all of the Debtors' assets
_____

$    1,085,633,778.08      $    Undetermined

**Describe the lien**

Senior security interests granted pursuant to the Prepetition ABL Loan Documents.
_____

**Is the creditor an insider or related party?**

☐ No
☑ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (*Official Form 206H*).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$    1,582,655,832.03

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

Name

Notice Name

Street

City                          State            ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $ _____ | $ _____ |

_____
Creditor Name

☐ Contingent

_____
Creditor's Notice name

☐ Unliquidated

☐ Disputed

_____
Address

**Basis for the claim:**

_____

_____

_____  _____  _____
City          State       ZIP Code

_____
Country

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( )

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
| --- | --- |

3.1 **Nonpriority creditor's name and mailing address**

F21 GiftCo Management, LLC
Creditor Name

Creditor's Notice name

110 East 9th Street, Suite A500
Address

| Los Angeles | CA | 90079 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**As of the petition filing date, the claim is:**    $ _____ Undetermined
*Check all that apply.*

☒ Contingent

☒ Unliquidated

☐ Disputed

**Basis for the claim:**

Intercompany Payable

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**Is the claim subject to offset?**

☐ No

☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

F21 OpCo, LLC
Creditor Name

Creditor's Notice name

110 East 9th Street, Suite A500
Address

| Los Angeles | CA | 90079 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**As of the petition filing date, the claim is:**    $ _____ Undetermined
*Check all that apply.*

☒ Contingent

☒ Unliquidated

☐ Disputed

**Basis for the claim:**

Intercompany Payable

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**      **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City      State      ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases            12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | City    State    ZIP Code |
| | Country |

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1.  **Does the debtor have any codebtors?**

    ☐  No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑  Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,**
    ***Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is
    listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  F21 Giftco Management, LLC | 110 East 9th Street, Suite A500 <br> Street | Pathlight Capital LP, as Term Loan Agent | ☑ D |
| | | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles _____ CA _____ 90079 <br> City     State     ZIP Code <br><br> Country | | |
| 2.2  F21 Giftco Management, LLC | 110 East 9th Street, Suite A500 <br> Street | Simon Blackjack Consolidated Holdings, LLC, as Subordinated Loan Agent | ☑ D |
| | | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles _____ CA _____ 90079 <br> City     State     ZIP Code <br><br> Country | | |

Debtor:   F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*: ___25-10470___

| 2.3 F21 Giftco Management, LLC | 110 East 9th Street, Suite A500 | Wells Fargo Bank, N.A., as ABL Agent | ☑ D |
|---|---|---|---|
| | Street | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles | CA | 90079 | |
| | City | State | ZIP Code | |
| | Country | | |

| 2.4 F21 OpCo LLC | 110 East 9th Street, Suite A500 | Pathlight Capital LP, as Term Loan Agent | ☑ D |
|---|---|---|---|
| | Street | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles | CA | 90079 | |
| | City | State | ZIP Code | |
| | Country | | |

| 2.5 F21 OpCo LLC | 110 East 9th Street, Suite A500 | Simon Blackjack Consolidated Holdings, LLC, as Subordinated Loan Agent | ☑ D |
|---|---|---|---|
| | Street | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles | CA | 90079 | |
| | City | State | ZIP Code | |
| | Country | | |

| 2.6 F21 OpCo LLC | 110 East 9th Street, Suite A500 | Wells Fargo Bank, N.A., as ABL Agent | ☑ D |
|---|---|---|---|
| | Street | | ☐ E/F |
| | | | ☐ G |
| | Los Angeles | CA | 90079 | |
| | City | State | ZIP Code | |
| | Country | | |

| 2.7 Penney Holdings LLC | Attention:Nancy Benson, Treasurer | Pathlight Capital LP, as Term Loan Agent | ☑ D |
|---|---|---|---|
| | Street | | |
| | 6501 Legacy Drive, Suite B100 | | ☐ E/F |
| | | | ☐ G |
| | Plano | TX | 75024 | |
| | City | State | ZIP Code | |
| | Country | | |

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*:   25-10470

| 2.8 | Penney Holdings LLC | Attention:Nancy Benson, Treasurer | | | Simon Blackjack Consolidated Holdings, LLC, as Subordinated Loan Agent | ☑ D |

Street
6501 Legacy Drive, Suite B100

☐ E/F

☐ G

| Plano | TX | 75024 |
| City | State | ZIP Code |

Country

| 2.9 | Penney Holdings LLC | Attention:Nancy Benson, Treasurer | | | Wells Fargo Bank, N.A., as ABL Agent | ☑ D |

Street
6501 Legacy Drive, Suite B100

☐ E/F

☐ G

| Plano | TX | 75024 |
| City | State | ZIP Code |

Country

**Schedule H: Codebtors**

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : F21 Puerto Rico, LLC |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number (if known): 25-10470 (MFW) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/31/2025
          MM / DD / YYYY

✖ / s / Michael Brown
Signature of individual signing on behalf of debtor

Michael Brown
Printed name

Co-Chief Restructuring Officer
Position or relationship to debtor

**In re: F21 Puerto Rico, LLC**
**Case No. 25-10470**
Schedule A/B 3
Checking, savings, money market, or financial brokerage accounts

| Name of institution (bank or brokerage firm) | Type of account | Account number (last 4 digits) | Current value of debtor's interest |
|---|---|---|---|
| Banco Popular | DEPOSITORY | 2363 | $0.00 |
| Banco Popular | FOREVER 21 RETAIL INC | 7352 | $7,339.09 |
| Banco Popular | USD-CK | 3438 | $0.00 |
| Banco Popular | USD-CK | 4051 | $0.00 |
| Banco Popular | USD-CSH | 1365 | $0.00 |
| Banco Popular | USD-CSH | 2363 | $52,711.88 |
| Banco Popular | USD-CSH | 4864 | $0.00 |
| | | TOTAL: | $60,050.97 |