**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F21 OPCO, LLC, *et al.*, [1] | Case No. 25-10469 (MFW) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**F21 PUERTO RICO, LLC  (CASE NO. 25-10470)**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F21 OpCo, LLC (8773); F21 Puerto Rico, LLC (5906); and F21 GiftCo Management, LLC (6412).  The Debtors' address for purposes of service in these Chapter 11 Cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| F21 OPCO, LLC, *et al.*,[1] | Case No. 25-10469 (MFW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

F21 OpCo, LLC and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and the Schedules and Statements are unaudited.

The Debtors' co-Chief Restructuring Officer, Michael Brown, signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Brown has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the complexity of the Debtors' books and records, Mr. Brown has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, nor the completeness of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made a reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F21 OpCo, LLC (8773); F21 Puerto Rico, LLC (5906); and F21 GiftCo Management, LLC (6412). The Debtors' address for purposes of service in these Chapter 11 Cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

## Global Notes and Overview of Methodology

1.     **Description of Cases.**  On March 16, 2025 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**").   The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered.  *See* [D.I. 70].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the close of business on March 14, 2025.

2.     **Global Notes Control.**  These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  The Global Notes supplement all specific notes contained in any Debtor's Schedules or Statements.  Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

3.     **Reservations and Limitations.**  Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under applicable bankruptcy or non-bankruptcy laws (including under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers).  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)     **No Admission.**  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)     **Recharacterization.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

(c)     **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract

counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)      **Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.

(e)      **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results may differ from such estimates.

(f)      **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action.

(g)      **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)      **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only, and such information may not be used for the purposes of determining control of the Debtors; the extent to which any individual exercised management responsibilities, functions, or corporate decision-making authority over the Debtors; or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.    **Methodology.**

(a)    **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**") in the United States, nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)    **Historical Record-keeping**.  Prior to the Petition Date, in the ordinary course of business, the Debtors maintained their books and records on a consolidated basis, pursuant to which Debtor F21 OpCo, LLC ("**OpCo**") made all payments on account of the other Debtors and received all payments from customers. OpCo employs the Debtors' employees and funds their compensation and benefits.

The Debtors believe that it would be unduly burdensome to re-create their historical record-keeping by Debtor and have disclosed cash transactions in the Schedules and Statements consistent with their historical record-keeping practices.  In the ordinary course of business prior to the Petition Date, the Debtors did not book intercompany revenue and expenses among the Debtors and, as a result, those transactions are not listed in the Debtors' Schedules and Statements.  The Debtors have endeavored to otherwise allocate assets and liabilities to the applicable Debtor entity in their Schedules and Statements.

(c)    **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)    **Date of Valuations.**  The Debtors disclosed the value of their fixed assets in Schedule A/B as of the Petition Date, and the values are net book value.

(e)    **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(f)    **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value, and such values are presented without consideration of any liens that may attach (or have attached) to such property or equipment.  The Debtors may lease furniture,

fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(g)    **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(h)    **Undetermined Amounts.**  The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(i)    **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unknown," "undetermined," or "unliquidated."

(j)    **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, and the difference may be material.

(k)    **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to certain orders of the Court; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to an order of the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing notices of satisfaction.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(l)    **Excluded Assets and Liabilities.**  The Debtors have in certain instances excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; certain deferred revenue accounts that are recorded solely for accounting purposes; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.  With respect to leases, assets and liabilities recorded according to ASC 842 Lease Accounting Standard are not included in the Schedules.

(m)    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(n)    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, promotions, refunds, and negotiations and/or disputes between Debtors and their

customers and/or suppliers.    Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.    Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.    In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.    The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    **Specific Schedules Disclosures.**

(a)    **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System; (II) Authorizing Use of Prepetition Bank Accounts and Certain Payment Methods; (III) Authorizing Continued Performance of Intercompany Transactions in the Ordinary Course of Business; and (IV) Granting Related Relief* [D.I. 6].    The balances of the financial accounts listed on Schedule A/B, Part 1, are listed as of the Petition Date.

Additionally, the Debtors have provided adequate assurance of payment for future utility services to certain counterparties, pursuant to the *Interim Order (I)(A) Prohibiting Utility Companies From Discontinuing, Altering, or Refusing Service, (B) Deeming Utility Companies to Have Adequate Assurance of Future Payment, (C) Establishing Procedures for Resolving Requests for Additional Assurance, and (II) Granting Related Relief* [D.I. 73]; however, such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

As set forth in the retention applications for the Debtors' professionals, the Debtors provided retainers to certain professionals in connection with their respective engagements.    Those retainers are not set forth in Schedule A/B, Part 2.

Security deposits and pre-payments are disclosed in Schedule A/B, Part 2 as of March 16, 2025, where available.    Where values are not available as of March 16, 2025, deposits and prepayments are reported as of March 1, 2025.    Additionally, the Debtors' books and records reflect certain *de minimis* deposits and prepayments, which the Debtors characterize as any deposit or prepayment under $100.00.    Inclusion of each *de minimis* deposit or prepayment would be unduly burdensome and voluminous; accordingly, the *de minimis* deposits and prepayments are listed on an aggregated basis.

(b)    **Schedule A/B, Part 8 – Inventory**

*Finished Goods, Including Goods Held for Resale.*    Inventory values are listed on an aggregated gross book value basis.    The value identified does not account for potential losses, including shrinkage.    The inventory value is reported as of the Petition Date.

(c)    **Schedule A/B, Part 11 – All Other Assets.**

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtors and Rights to Setoff Claims.***    In the ordinary course of their

business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and vendors. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

***Interests in Insurance Policies or Annuities.*** A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders to Continue Prepetition Insurance Policies and Pay All Obligations Arising Thereunder; (II) Maintain Surety Bonds; (III) Continue to Pay Broker Fees; (IV) Authorizing Banks to Honor Related Checks and Transfers; and (V) Granting Related Relief* [D.I. 11] (the "**Insurance Motion**"). The insurance policies identified in the Schedules are held by the applicable Debtor. However, as disclosed in the Insurance Motion, the Debtors are also covered by certain insurance policies held by certain of their affiliates, which are not included in the Schedules.

***Cyber Claims.*** The Debtors were subject to a cyber attack in 2023, whereby the ecommerce platform was disabled for a number of days. There is an undetermined amount of damages associated with the attack, but the Debtors estimate total damages of approximately $60,000,000. Damages were estimated based on the amount of forfeited online sales during the outage of the ecommerce site. To-date, the Debtors have recovered approximately $20,000,000 from Beazley Insurance Co Inc. and AXA XL.

(d)     **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

(e)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

The liabilities identified on Schedule E/F, Part 2, are derived from the Debtors' books and records and are listed as of the Petition Date. The Debtors have made a reasonable attempt to verify their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors have not listed potential claims as a result of demand letters received from potential litigants given the purely speculative nature of such potential claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the date hereof, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligation, to amend Schedules D and E/F if and as they receive additional prepetition invoices.

**Rent Claims**. The Debtors have scheduled prepetition rent claims for each of their landlords on an aggregated basis. The scheduled claims include CAM and other amounts owing under the leases. With respect to fixed rent locations, the scheduled claims include prepetition rent owing for the period March 1, 2025 to March 15, 2025. For percent rent locations, the scheduled claims include rent that was due in March 2025 rent based on February 2025 sales. The scheduled claims may also include rent that accrued prior to the aforementioned dates.

**SPARC Payable**. As described in the *Declaration of Stephen Coulombe in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 2] (the "**First Day Declaration**"), the Debtors participated in a cash pooling system that SPARC Group Holdings LLC ("**SPARC**") had developed for the collection of brands it operates. Centered at SPARC Group LLC, the entity housing the Aeropostale brand's operations ("**Aero**"), all cash generated by entities under the SPARC umbrella, including the Debtors, was swept into an account held by Aero (such arrangement, the "**Cash Pooling Arrangement**"), which Aero then used to pay down the Old SPARC ABL Facility (as defined in the First Day Declaration). As the Debtors or other SPARC subsidiaries required cash to fund their respective operations, Aero would draw on the Old SPARC ABL Facility and disburse funds to the applicable SPARC portfolio company (generally on a brand-by-brand basis); an intercompany receivable owing from such entity was recorded and, simultaneously, the applicable SPARC subsidiary would book an intercompany payable owing to Aero. This arrangement continued after the Old SPARC ABL Facility was replaced with the ABL Facility (as defined in the First Day Declaration) in connection with the SPARC Acquisition (as defined in the First Day Declaration). At month end, Aero provides a reconciliation of the SPARC Payable to the Debtors of all amounts that accrued in a given month and the total amount of the SPARC Payable. The Debtors have reported the SPARC Payable as of the February 28, 2025.

**Gift Cards**. The Debtors issued gift cards, gift certificates, and e-certificates (collectively, the "**Gift Cards**") in the ordinary course of their business. The Debtors do not know the identity of the individual Gift Card holders. Thus, it is impossible to list them in the Schedules. Further, listing the Gift Card holders in the Schedules would be cost prohibitive, unduly burdensome, and would cause the Schedules to become unwieldy and voluminous. Instead, the Debtors have listed the maximum liability associated with Gift Cards on an aggregate basis in Schedule E/F. The

Debtors encourage any customer who believes that he or she has a claim to file a proof of claim in the Debtors' cases on account of such claim.

**Medical Claims**.  As set forth more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay and Honor Certain (A) Prepetition Wages, Benefits, and Other Compensation Obligations; (B) Prepetition Employee Business Expenses; (C) Bonus Program Obligations; and (D) Workers' Compensation Obligations; (II)Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief* [D.I. 12] (the "**Wages Motion**"), the Debtors maintain self-insured medical and dental policies.  Pursuant to the final order approving the Wages Motion, the Debtors were authorized to, and have continued to, pay claims arising under their self-insured policies in the ordinary course of business.  Such claims are not listed in Schedule E/F.

**Workers' Compensation Claims**.  The Debtors have listed claims that were asserted under their workers' compensation policy in Schedule E/F.

(f)       **Schedule G – Executory Contracts and Unexpired Leases.**  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date, or that such contract or agreement is valid or enforceable.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain or include renewal options, guarantees of payment, indemnification obligations, options to purchase, rights of first refusal, and other miscellaneous rights and amendments.  Such rights, powers, duties, obligations, and amendments are not set forth separately on Schedule G.  In addition, the Debtors may have entered into other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth on Schedule G.  Moreover, to the extent any agreements are governed by a master services agreement, the Debtors have endeavored to list the master services agreement on Schedule G.

(g)       **Schedule H – Co-Debtors.**  As described in the First Day Declaration, the Debtors are co-obligors with other entities under the SPARC umbrella with respect to the ABL Facility (as defined in the First Day Declaration), the Term Loan Facility (as defined in the First Day Declaration), and the Subordinated Loan Facility (as defined in the First Day Declaration).  Schedule H includes Penney Holdings LLC as the lead administrative borrower under each credit facility as a co-debtor.  However, reference to the applicable agreements and other related relevant documents is necessary for a complete description of all co-obligors.

6.       **Specific Statements Disclosures.**

(a)       **Statements, Part 2, Question 3 – Payments to Certain Creditors.**  Disbursements made on account of multiple invoices may be reflected as a single payment.  All transfers in Part 2, Question 3 of the Schedules are listed as of the check date.  Any values listed in this section are separate and not repeated in Question 4 (payments or other transfers of property made within one year before filing these cases that benefited any insider) or Question 11 (payments related to

bankruptcy within one year of filing).  Please refer to those sections for payments related to those parties.

(b)      **Statements, Part 2, Question 4 - Payments to Insiders.**  Certain of the payments disclosed for OpCo in response to Question 4 were also made on behalf of the other Debtors and are not repeated in response to Question 4 for the other Debtors.

Additionally, as disclosed in the Wages Motion, prior to the Petition Date, the Debtors made payments to certain insiders and non-insiders through the implementation of a retention program in an effort to retain these critical employees for the duration of these Chapter 11 Cases and, in some instances, for the wind down that follows. Participants in the retention program were paid at the outset of its implementation and are required to remain employees of the Debtors until their specified target end date. In the event applicable participants terminate their employment with the Debtors of their own accord, or are terminated for cause, prior to their target end date, they will be required to refund the entirety of their respective payments to the estates.  The payments to insiders are included in response to Question 4, and are labeled "Retention Bonus."

(c)      **Statements, Part 5, Question 10 – Certain Losses.**  The Debtors incur certain immaterial losses in the ordinary course of business.  Such amounts are not listed in the Statements.

(d)      **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**  The payments related to bankruptcy are reflected on the Schedules of the Debtor that made the payments, but such payments were made on behalf of all of the Debtors.

(e)      **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.**  The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

(f)      **Statements, Part 13, Question 27.**  Inventories are taken at each of the Debtors' stores on a periodic basis throughout the year.

(g)      **Statements, Part 13, Question 30.**  Unless otherwise indicated in a Debtor's specific response to Question 30, the Debtors have included a comprehensive response to Question 30 in Question 4.

**Fill in this information to identify the case:**

Debtor Name: In re : F21 Puerto Rico, LLC

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 25-10470 (MFW)

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 2/1/2025<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other _____ | $ 1,519,171.36 |
| *NOTE: Revenue reported is through 2/28/2025* | | | | | |
| **For prior year:** | From 2/1/2024<br>MM / DD / YYYY | to | 1/31/2025<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 18,408,339.40 |
| **For the year before that:** | From 2/1/2023<br>MM / DD / YYYY | to | 1/31/2024<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 21,032,629.26 |

Debtor:   F21 Puerto Rico, LLC

Case number *(if known):*   25-10470

Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

|  |  |  |  | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 2/1/2025 MM / DD / YYYY | to    Filing date | Private Label Credit Card Income | $                        3,639.18 |
| *NOTE: Revenue reported is through 2/28/2025* |  |  |  |  |  |
| **For prior year:** | From | 2/1/2024 MM / DD / YYYY | to    1/31/2025 MM / DD / YYYY | Private Label Credit Card Income | $                      15,549.59 |
| **For the year before that:** | From | 2/1/2023 MM / DD / YYYY | to    1/31/2024 MM / DD / YYYY | Private Label Credit Card Income | $                        3,132.15 |

Debtor:  F21 Puerto Rico, LLC
     Name

Case number *(if known):*     25-10470

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐ Secured debt |
| | Creditor's Name | | | ☐ Unsecured loan repayments |
| | | | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | | | | ☐ Other |
| | City          State          ZIP Code | | | |
| | Country | | | |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Insider's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |

Debtor:  F21 Puerto Rico, LLC

Case number *(if known)*:  25-10470

Name

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ Creditor's Name _____ Street _____ _____ City          State          ZIP Code _____ Country | _____ | _____ | $ _____ |

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ Creditor's Name _____ Street _____ _____ City          State          ZIP Code _____ Country | _____ Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

Debtor:  F21 Puerto Rico, LLC                                                Case number *(if known)*:    25-10470
         Name

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7.   Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|------------|----------------|------------------------------------|----------------|
| 7.1 | | | Name | ☐ Pending |
| | | | | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | **Case number** | | | |
| | | | City            State       ZIP Code | |
| | | | Country | |

**8.   Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|------------------------------|----------------------------|-------|
| 8.1 | | | $ |
| | Custodian's name | | **Court name and address** |
| | | **Case title** | |
| | Street | | Name |
| | | | |
| | | | Street |
| | City        State        ZIP Code | **Case number** | |
| | | | City            State        ZIP Code |
| | Country | **Date of order or assignment** | |
| | | | Country |

Debtor:    F21 Puerto Rico, LLC _____    Case number *(if known)*:    25-10470 _____

Name

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- | --- |
| 9.1 | | | | $ |
| | Creditor's Name | | | |
| | Street | | | |
| | City        State        ZIP Code | | | |
| | Country | | | |
| | **Recipient's relationship to debtor** | | | |

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known)*:    25-10470

| Part 5: | Certain Losses |
|---------|----------------|

**10.**   **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | $ |

Debtor:  F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*:  25-10470

---

| Part 6: | Certain Payments or Transfers |

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

Street
_____

City          State          ZIP Code

Country

**Email or website address**

**Who made the payment, if not debtor?**

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

**Trustee**

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:    F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*:    25-10470
_____

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____

_____
City          State          ZIP Code

_____
Country

**Relationship to Debtor**

_____

Debtor: F21 Puerto Rico, LLC

Name

Case number *(if known):*   25-10470

---

## Part 7:   Previous Locations

**14.   Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1  3880 N. Mission Rd | From 12/2018      To 4/2022 |
| Street | |
| | |
| Los Angeles    LA        90031 | |
| City        State      ZIP Code | |
| | |
| Country | |

Debtor: F21 Puerto Rico, LLC
_____
Name

Case number *(if known)*:    25-10470

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____<br>Facility Name | | |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| _____<br>City      State      ZIP Code | | Check all that apply:<br>☐ Electronically<br>☐ Paper |
| _____<br>Country | | |

Debtor:  F21 Puerto Rico, LLC                                                    Case number *(if known)*:  25-10470

Name

---

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.    DOB, SSN, Income, Name, Address, Phone, CC Number, Email

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | | EIN: |

   Has the plan been terminated?

   ☐ No

   ☐ Yes

Debtor:   F21 Puerto Rico, LLC                                    Case number *(if known):*   25-10470
      Name

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18.  Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | | $ |
| | Street | | | | |
| | | | | | |
| | City    State    ZIP Code | | | | |
| | Country | | | | |

**19.  Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name | | | ☐ No |
| | Street | | | ☐ Yes |
| | City    State    ZIP Code | **Address** | | |
| | Country | | | |

Debtor:  F21 Puerto Rico, LLC

Name

Case number *(if known)*:  25-10470

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | **Address** | | |
| | City        State        ZIP Code | | | |
| | Country | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  F21 Puerto Rico, LLC
_____

Case number *(if known)*:  25-10470
_____

Name

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | _____ | _____ | $ _____ |

Debtor: F21 Puerto Rico, LLC                                          Case number *(if known):*    25-10470

     Name

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

▪ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

▪ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

▪ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | _____ | Name _____ | _____ | ☐ Pending |
| | | | | ☐ On appeal |
| | | Street _____ | | ☐ Concluded |
| | **Case Number** | | | |
| | _____ | Street _____ | | |
| | | City    State    ZIP Code | | |
| | | Country _____ | | |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name _____ | Name _____ | _____ | _____ |
| | Street _____ | Street _____ | | |
| | City    State    ZIP Code | City    State    ZIP Code | | |
| | Country _____ | Country _____ | | |

Debtor:  F21 Puerto Rico, LLC

Case number *(if known):*    25-10470

Name

**24.    Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | Name | Name | | |
| | Street | Street | | |
| | | | | |
| | City          State          ZIP Code | City          State          ZIP Code | | |
| | Country | Country | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:   F21 Puerto Rico, LLC                                        Case number *(if known)*:   25-10470
_____
Name

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

**25.  Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | _____<br><br>_____ | EIN: _____<br><br>**Dates business existed**<br>From _____  To _____ |

**26.  Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service | | |
|---|---|---|---|---|
| 26a.1 | Brad Sell - (Chief Financial Officer)<br>Name<br>110 E. 9th St<br>Street<br>Suite A500<br><br>Los Angeles          CA          90079<br>City          State          ZIP Code<br><br>Country | From | 3/4/2019 | To | Present |
| 26a.2 | Diana Ly - (VP, Controller)<br>Name<br>110 E. 9th St<br>Street<br>Suite A500<br><br>Los Angeles          CA          90079<br>City          State          ZIP Code<br><br>Country | From | 3/10/2008 | To | Present |

Debtor:  F21 Puerto Rico, LLC

Case number *(if known)*    25-10470

Name

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service | | |
|---|---|---|---|
| **26b.1** BDO USA, P.C. | From | 2021 | To | Present |
| Name | | | |
| 201 Old Country Rd Ste 300 | | | |
| Street | | | |
| Melville                 NY              11747 | | | |
| City            State          ZIP Code | | | |
| Country | | | |

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** Brad Sell | |
| Name | |
| 110 E. 9th St | |
| Street | |
| Suite A500 | |
| Los Angeles              CA              90079 | |
| City            State          ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.2** Diana Ly | |
| Name | |
| 110 E. 9th St | |
| Street | |
| Suite A500 | |
| Los Angeles              CA              90079 | |
| City            State          ZIP Code | |
| Country | |

Debtor: F21 Puerto Rico, LLC

Case number *(if known)*    25-10470

Name

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
| --- |
| 26d.1  See SOFA 26d Attachment |
| Name |
| |
| Street |
| |
| |
| City                                    State                    ZIP Code |
| |
| Country |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |
| WIS IVS, LLC ( fka RGIS, LLC) | Performs cycle counts throughout the year | $ |

| Name and address of the person who has possession of inventory records |
| --- |
| 27.1  Brad Sell |
| Name |
| 110 E. 9th St |
| Street |
| |
| Los Angeles          CA                    90079 |
| City                  State                ZIP Code |
| |
| Country |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  F21 Puerto Rico, LLC

Name

Case number *(if known)*:    25-10470

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| WIS IVS, LLC ( fka RGIS, LLC) | Performs cycle counts throughout the year | $ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.2  Diana Ly | | |
| Name | | |
| 110 E. 9th St | | |
| Street | | |
| | | |
| Los Angeles | CA | 90079 |
| City | State | ZIP Code |
| | | |
| Country | | |

**28.**  **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1  F21 OpCo, LLC | 110 East 9th Street, Suite A500, Los Angeles, CA  90079 | Sole/Managing Member | 100% |

**29.**  **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| 29.1 | | | From              To | |

**30.**  **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Relationship to debtor** | | | |

Debtor: F21 Puerto Rico, LLC _____    Case number *(if known)*: 25-10470

Name

**31.    Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | F21 OpCo, LLC | EIN: 84-4488773 |

**32.    Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1 | | EIN: |

**Part 14:** Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/31/2025
                MM / DD / YYYY

✖    / s / Michael Brown                                   Printed name   Michael Brown
        Signature of individual signing on behalf of the debtor

        Position or relationship to debtor   Co-Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐    No

☐    Yes

**In re: F21 Puerto Rico, LLC**
**Case No. 25-10470**
Attachment 26d
Books, records and financial statements - Financial institution to whom financial statement was issued

| Name | Address 1 | Address 2 | City | State | Zip | Country |
|------|-----------|-----------|------|-------|-----|---------|
| Adyen | PO Box 10095 | | Amsterdam | | 1001 EB | The Netherlands |
| AIG Risk Management | 500 West Madison Street, | Suite 3000 | Chicago | IL | 60661 | |
| Apex Logistics International, Inc | 145-68 228th St, Unit #3-4 | | Springfield | NY | 11413 | |
| Bread Financial Payments, Inc | 3095 Loyalty Circle | | Columbus | OH | 43219 | |
| Disney Financial Services, LLC | 800 S. Main St. | | Burbank | CA | 91506 | |
| FinanceOne | 801 S. Grand Ave., Suite 1000 | | Los Angeles | CA | 90017 | |
| Fiserv | 3975 NW 120th Ave. | Mail Stop A-40 | Coral Springs | FL | 33065 | |
| IMG Worldwide, LLC | 9601 Wilshire Blvd | Suite 400 | Beverly Hills | CA | 90210 | |
| Marsh | 155 N Wacker | Suite 1500 | Chicago | IL | 60606 | |
| Meta | 1601 WILLOW ROAD | | MENLO PARK | CA | 94025 | |
| Sinosure | Fortune Times Building, 11 Fenghuiyuan | Xicheng District | Beijing | | 100033 | China |
| The CIT Group | P.O. Box 7056 | | Pasadena | CA | 91109-9699 | |